EXCELSIOR DRUM WORKS v. SHEIP & VANDEGRIFT, Inc.

(Circuit Court of Appeals, Third Circuit. August 19, 1910.)

1. PATENTS (§ 27*)—INVENTION—HORN FOR TALKING MACHINES.
　　The use of hoops or bands around the horn of a talking machine to hold the longitudinal sections in place does not involve invention in view of the long use of such hoops for the same purpose in other arts.
　　[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 31, 32; Dec. Dig. § 27.*]

2. PATENTS (§ 328*)—INFRINGEMENT—HORN FOR TALKING MACHINES.
　　The Soistmann patent, No. 873,908, for a horn for talking machines, claim 3, which covers as the only novel feature "a reinforcing band surrounding the body of the horn intermediate its two ends," must be limited to a band which envelopes the structure from end to end, either spirally as shown in the specification and drawings, or radially, being otherwise devoid of invention. As so construed, held not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Excelsior Drum Works against Sheip & Vandegrift, Incorporated. Decree for defendant (173 Fed. 312), and complainant appeals. Affirmed.

John P. Croasdale, for appellant.
Hector T. Fenton, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

ARCHBALD, District Judge. The patent in suit is for a talking machine horn. As described by the inventor in the specifications, the horn consists of a series of nonmetallic tapered sections, preferably of hard wood or fiber, beveled longitudinally and so disposed that they overlap each other, the overlapping edges being glued or otherwise fastened together to form a continuous structure. "Upon this structure," as he says, "I then wrap a very thin narrow strip or ribbon * * * of wood or other suitable material, and glue the same securely to said structure. I have found for example that a ribbon of veneering of approximately one-quarter of an inch in width, and about one-twentieth of an inch in thickness makes a satisfactory wrapping. This wrapping extends spirally from one end of a horn

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the other." As represented in the drawings, and as described in the claims, the horn has a flaring mouth, and the twofold warping of the material, which is necessary in order to produce this, being obtained by steaming, the material when dry tends to resume its original shape, and is only prevented from doing so by the exterior wrapping provided for. The claims of the patent are three, the third being the one which is relied upon.

"1. A horn composed of longitudinally extending tapered sections forming a structure contracted at one end and flaring at the other, and a thin band spirally wound about said structure.

"2. A horn composed of longitudinally extending tapered sections, forming a structure contracted at one end and flaring at the other, a thin band spirally wound about said structure, and a ring member provided with an annular channel to receive the flaring end of said structure.

"3. A horn composed of longitudinally extending tapered sections, forming a structure contracted at one end and flaring at the other, and a reinforcing band surrounding the body of the horn intermediate its two ends."

The horn manufactured by the defendants conforms to the structure described in the patent, except that, instead of being wound from end to end, it has two bands of tape encircling it exteriorly, one near the mouth or rim, and the other a short distance from the smaller end. It is contended by the complainants, that this construction offends against the third claim, which, in distinction from the first and second does not require, as it is said, that the band shall be wound about the horn from one end to the other, but is satisfied by a band or bands at any point between the two ends, binding together the strips of which the horn is composed. The defendants claim, however, that, as limited by the specifications as well as by the existing art, the reinforcing band must enwrap the horn completely, or if not, and the third claim is to be read so as to include single hoops or bands, it is devoid of invention, differing in no respect from the hoops of a cask or tub, which it involved no invention to apply.

The most natural view to be taken of the invention is that the reinforcing band is to envelop the structure from end to end, either spirally, as provided in the first and second claims, or radially, by distinction, in the third. That is the form of construction suggested in the specifications and shown in the drawings, and conforms to the general idea. But more than that, it is the one that is required if the patent is to be sustained, there being otherwise no inventive advance on the prior art. This is not to say that there is anything in particular which anticipates it in the references cited. The Cunnius, it is true, has a reinforcing rim, so that the idea of reinforcement, as applied to talking machine horns, may not be new; although, being confined in that case to strengthening the end or mouth, it is employed for a different purpose, and applied to a different part. Neither is there anything anticipatory in the Cockman (British) patent, where clamping rings to hold together the longitudinal strips which compose the trumpet, while the glue is setting, are shown; this being for a temporary purpose, and the clamps being dispensed with when the object is attained. But the difficulty in the case is that, with the reinforcing bands reduced to mere hoops or rings, there is nothing more to them than the hoops, in immemorial use, on barrels or casks.

It is said that barrels and talking machines belong to widely different and nonanalogous arts. But that is not the point. The binding together of strips of material to form a cylindrical structure, by means of hoops or bands, is such a well-known and obvious expedient, that no one can claim anything out of it to whatever it is applied. The whole function and purpose, in every case, is to prevent the loosening and spreading apart of the material, against forces pressing outwardly, and this is as true with regard to bands which tie together the strips of veneer of a talking machine horn, as of the hoops which bind the staves of a barrel, tub, or cask.

. It is said, however, that the invention is not to be judged by a single feature, but by all of which it is made up, and that the combination may be inventive even if all the elements are old. But there was nothing patentably novel in constructing a talking machine horn out of thin strips of wood or fiber and gluing the edges together; this being already suggested in the Ruggiero & Bongiorno and the Cockman patents, to say nothing of the Cunnius; and there being nothing inventive in reinforcing this with hooplike bands, the combination with this feature added—which is all there is to the device of the patent—fares just as bad.

But it is further said that a hooplike band is made necessary in order to distinguish from the first claim, where a band wound spirally is called for. A distinction is no doubt to be sought for in order to avoid a duplication, and it is not to be found in the designation of the band as a reinforcing band, as it is denominated in the third claim, that being its function whatever the form assumed, and a merely ornamental band being of course of no account. But a band enveloping the structure radially effects all, by way of distinction, that is asked for, and may thus be taken as intended, which in no way interferes with the requirement, enforced by the considerations just alluded to, that it shall completely surround the horn. Nor, even if this were not so, and a hooplike band were required to make the distinction, would this relieve from the argument that there would be nothing patentably inventive in a horn of that kind.

. The claimants are therefore in this dilemma. If, contrary to the views which have been just expressed, the third claim of the patent is held to cover individual circular bands, such as are in use by the defendants, there is nothing inventive in a device of that kind, and the claim is invalid. Or, if it be held to call for a reinforcing band which shall envelop the horn from end to end, which, all things considered, is the most natural, if not the enforced construction, the defendants do not infringe, having adopted an entirely different form. The result in either instance is that no case is made out.

The decree must therefore be affirmed.